02-10-448-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00448-CR

 

 


 
 
 Robert Gonzales
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 367th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          A
jury found Appellant Robert Gonzales guilty of injury to a child and assessed
his punishment at fifty-five years’ confinement.  The trial court sentenced him
accordingly.  In three issues, Gonzales argues that he is entitled to a new
trial because, at the guilt-innocence phase of the trial, the trial court erroneously
admitted hospital photos of the child and the testimony of Jan Arbuckle;
Gonzales contends both alleged errors were harmful.[2]

II.  Factual Background[3]

          One
day when C.H. was five months old, his mother Kristen had a job interview. 
C.H.’s biological father Danny had spent the night with C.H. at Kristen’s house
the night before Kristen’s job interview so that Kristen could get a good
night’s sleep.  Danny left at about 9:30 on the morning of the interview and
testified at trial that C.H. was normal and happy when he left.  Kristen
bathed, fed, and dressed C.H. and planned to take him to her sister’s house
while she went to the job interview.  Gonzales, who was Kristen’s boyfriend,
stopped by while Kristen was getting ready to leave and offered to watch C.H.
while Kristen went to the job interview.  Kristen agreed and left at around
11:30 a.m.; she said that C.H. was normal and healthy when she left.  Kristen
returned home at approximately 1:00 p.m.  Gonzales told Kristen that he had
fallen with C.H.; she rushed to C.H.’s crib and discovered him limp,
nonresponsive, and having difficulty breathing.  Kristen called 9-1-1.

C.H.
was near death when paramedics arrived, and he was care-flighted to the
hospital.  At the hospital, C.H. was diagnosed with traumatic brain injuries—including
bleeding around the surface of his brain, brain swelling, and large areas of dead
brain tissue; rib fractures; massive subretinal hemorrhages; a fractured heel; a
laceration on the inside of his lip; lacerations and bruising on and around his
penis; and fresh petechiae on his right ear, forehead, nose, and upper arms. 
Dr. Matthew Cox testified that C.H. would have been symptomatic immediately
after his injuries and that his distress would have been obvious.  Dr. Cox
explained that C.H.’s injuries were most likely caused by a severe and violent
traumatic event such as repetitive and violent shaking followed by a deceleration-type
impact.  According to Dr. Cox, C.H. was neurologically devastated; he was
unable to roll, sit, or stand by himself and would in probability never be able
to walk, talk, feed himself, or recover from his cortical blindness.

Gonzales
denied causing C.H.’s injuries, saying that he fell while carrying C.H. and
that they bumped heads.  Gonzales later admitted that he shook C.H. a little
bit to try to console him and to get him to stop crying.  Still later in a
recorded interview that was played for the jury, Gonzales apologized for lying
before and admitted that he had become angry and frustrated because C.H. would
not stop crying and that he had shaken C.H., had freaked out, and had done
things that he should not have done.

III.  Standard
of Review

We
review evidentiary rulings under an abuse of discretion standard.  Salazar
v. State, 38 S.W.3d 141, 153–54 (Tex. Crim. App.), cert. denied, 534
U.S. 855 (2001); Aguilera v. State, 75 S.W.3d 60, 64 (Tex. App.––San
Antonio 2002, pet. ref’d).  The trial court abuses its discretion when it acts
without reference to any guiding rules and principles or acts in a manner that
is arbitrary or capricious.  See Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1991).  A trial court does not abuse its discretion
if its ruling was at least within “the zone of reasonable disagreement.”  Salazar,
38 S.W.3d at 153–54.  

IV.  Hospital Photos

          During
the guilt-innocence phase of trial, the trial court admitted over Gonzales’s
objection photographs of C.H. in the intensive care unit at the hospital.  In
his first issue, Gonzales claims that the admission of all of the hospital
photos was error and was harmful.  Gonzales argues that the photos were “not at
all probative” but were “highly prejudicial.”

          Danny
testified that the photos accurately depicted C.H. as he appeared in the
hospital intensive care unit.  The photos all show C.H. lying in the hospital
bed.  They are taken from various angles and at varying degrees of closeness;
in some, C.H. is covered with a blanket––with only his head and face exposed––and
in some, he is not.  Although the photos depict various tubes and monitors
attached to C.H., they are not gruesome in the sense of depicting bodily
mutilation or a bloody injury.

          In
reviewing whether the trial court abused its discretion by determining that the
photos were relevant, we note that––as argued by the State––the photographs
were probative of the violent trauma inflicted on C.H. and of the fact that
serious bodily injury was inflicted.  See Tex. R. Evid. 401; Salazar,
38 S.W.3d at 151.  In reviewing whether the trial court abused its discretion
by determining that the probative value of the photos was not substantially
outweighed by the danger of unfair prejudice, we note that when the power of
visible evidence emanates from nothing more than what the defendant himself has
done, the trial court does not abuse its discretion merely by admitting the
evidence.  Sonnier v. State, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995);
see also Williams v. State, 301 S.W.3d 675, 693 (Tex. Crim. App. 2009)
(explaining that although photos, “particularly the close-ups of the bullet
wounds, are gruesome[,] . . . they portray no more than the gruesomeness of the
injuries inflicted by appellant”), cert. denied, 130 S. Ct. 3411 (2010);
Gallo v. State, 239 S.W.3d 757, 763 (Tex. Crim. App. 2007) (holding that
appellant did not preserve error concerning admission of photos, but noting
“that all three photographs show no more than the injuries that the victim
suffered shortly before her death at a time when appellant was the only adult
with her”), cert. denied, 553 U.S. 1080 (2008).

          We
have reviewed the objected-to photos here; they show no more than the treatment
of the injuries that C.H. suffered shortly before his arrival at the hospital. 
Based on the record before us, we cannot say that the trial court abused its
discretion by determining that the photos were relevant or that the probative
value of the photos was not substantially outweighed by the danger of unfair
prejudice to Gonzales.  We overrule Gonzales’s first issue.

V.  Jan Arbuckle’s Testimony

          Jan
Arbuckle was C.H.’s caregiver at the time of trial, fourteen months after his
injuries.  She testified as to C.H.’s condition at the time of trial, the
various physicians C.H. was required to see, the medicines prescribed for C.H.,
and how C.H. was transported.  Jan’s total testimony comprises four pages in
the over one-thousand-page reporter’s record.  Gonzales objected to Jan’s
testimony, claiming that it was improper victim impact testimony and was not
relevant.  In his second issue, Gonzales argues that the trial court erred by
admitting Jan’s testimony.  In his third issue, Gonzales contends that the
errors in the admission of the photos and the admission of Jan’s testimony were
both harmful.

          Victim
impact evidence is generally recognized as evidence concerning the effect that
the victim's death will have on others, particularly the victim's family
members.  Tex. Code Crim. Proc. Ann. art. 56.03(b) (West Supp. 2011)
(describing information to be included in a victim impact statement); Mathis
v. State, 67 S.W.3d 918, 928 (Tex. Crim. App. 2002); see also Garcia v.
State, 126 S.W.3d 921, 929 (Tex. Crim. App. 2004) (holding medical records
of victim shot by defendant did not constitute victim impact evidence).  Jan testified
briefly as to C.H.’s medical condition at the time of trial, fourteen months
after he had sustained his injuries.  Her testimony did not mention how C.H.’s
injuries impacted Kristen’s or Danny’s lives or comment on the psychological
impact (as opposed to the physical aspect) of C.H.’s injuries on him.  Instead,
Jan’s testimony was limited to describing the continuing physical impact of
C.H.’s injuries on C.H.  Accordingly, we cannot say that the trial court abused
its discretion by overruling Gonzales’s improper-victim-impact objection to
Jan’s testimony.  See Garcia, 126 S.W.3d at 929 (holding “trial court
did not abuse its discretion in overruling appellant’s objection to the
records” on the ground that they constituted improper victim impact evidence).

          As
pointed out by the State on appeal, Jan’s testimony was relevant; it was
probative of the “violent nature of the assault, Appellant’s intent, and the
fact that ‘serious bodily injury’ was inflicted even though Appellant admitted
to only a mild shaking of the baby.”  Jan’s testimony was relevant and
probative for the State to meet its burden of proving that C.H. had sustained
serious bodily injury, as alleged in the indictment and as defined in section
1.07 of the penal code.  See Tex. Penal Code Ann. § 1.07(46) (West Supp.
2011) (defining serious bodily injury as “bodily injury that creates a
substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ”).  Accordingly, we cannot say that the trial court abused its
discretion by overruling Gonzales’s relevancy objection to Jan’s testimony.

          We
overrule Gonzales’s second issue.  Because we have overruled Gonzales’s first
and second issues claiming error in the admission of the hospital photos and
Jan’s testimony, we need not address his third issue claiming that both of the
errors alleged in his first and second issues were harmful.  See Tex. R.
App. P. 47.1 (requiring appellate court to address only issues necessary to
final disposition of the appeal).

VI.  Conclusion

          Having
overruled Gonzales’s first and second issues and having determined that we need
not address Gonzales’s third issue, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 22,
2011









[1]See Tex. R. App. P. 47.4.





[2]We address Gonzales’s
three issues in the order they are argued in his brief although they are
numerically labeled differently in his brief’s “issues presented.”





[3]Because Gonzales does not
challenge the legal or factual sufficiency of the evidence to support his
conviction, we set forth only an abbreviated factual background.